Cardillo & Corbett
Attorneys for Plaintiff
PERSIAN GULF SHIPPING CO. INC.
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212
Tulio R. Prieto (TP-8455)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
PERSIAN GULF SHIPPING CO. INC.,         :
                                        :
                    Plaintiff,          :    **ECF**
                                        :    **VERIFIED COMPLAINT**
        -against-                       :
                                        :
MARVEL INTERNATIONAL MANAGEMENT         :
AND TRANSPORTATION COMPANY,             :
                                        :
                    Defendant.          :
----------------------------------------x

      Plaintiff, PERSIAN GULF SHIPPING CO. INC., ("Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, MARVEL INTERNATIONAL MANAGEMENT AND TRANSPORTATION COMPANY ("Defendant") alleges, upon information and belief as follows:

JURISDICTION

      1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

THE PARTIES

      2.   At all material times to this action Plaintiff

was, and still is, a foreign business entity duly organized and existing under the laws of a foreign country with a registered address at Hansa Bank Building, P.O. Box 1027, The Valley, Anguilla.

3.  At all times material to this action, Defendant was, and still is, a foreign business entity organized and existing under the laws of a foreign country with an address at Levent Mah. Safran Sok. No.3, 34330 Levent, Istanbul, Turkey.

<u>DEFENDANT'S BREACH OF CONTRACT</u>

4.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5.  By a voyage charter party dated October 12, 2007, Plaintiff agreed to carry and defendant agreed to load approximately 30,000 metric tons of barley in bulk aboard the M/V DD Vigor (the "Vessel") from Tuapse, Russia, to Jeddah, Saudi Arabia (the "Charter Party").

6.  Shortly before the Vessel's arrival at the loading port, Defendant wrongfully cancelled the Charter Party. Plaintiff entered into a substitute contract in order to mitigate damages. As a result of Defendant's wrongful cancellation of the Charter Party, Plaintiff sustained damages measured by the difference in earnings between the

cancelled Charter Party and the substitute contract, plus the cost for fuel consumed and costs incurred made in passing the Bosporus when the Vessel proceeded to the loading port of Tuapse. The damages sustained by Plaintiff are in the total amount of $511,657.27, as best as can be estimated at the present time.

    7.   Plaintiff has demanded that Defendant paid such damages, but Defendant has failed and refused to pay the damages incurred by Plaintiff.

### LONDON ARBITRATION

    8.   The Charter Party provides that any disputes arising under the Charter Party shall be referred to arbitration in London, England. English law is applicable to the Charter Party.

    9.   Plaintiff has commenced arbitration against Defendant pursuant to the terms of the Charter Party.

    10.   Interest, costs and attorneys' fees are routinely awarded to the prevailing party by arbitrators in London pursuant to English law. As best as can now be estimated, the following amounts can be expected to be recovered in the action.

| | | |
|---|---|---:|
| A. | On the principal claim: | $511,657.27 |
| B. | Interest at 7% for 2 years Compounded quarterly: | $ 76,602.60 |

    C. Arbitration fees and
      attorneys' fees:        $118,500.00

TOTAL:                 $706,759.87

<u>DEFENDANT NOT FOUND WITHIN THE DISTRICT</u>

11. Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are believed to be due and owing to Defendant.

12. Plaintiff seeks an order from this court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of

Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Defendant and to secure Plaintiff's claims as described above.

      **WHEREFORE**, Plaintiff prays:

      A.   That process in due form of law issue against Defendant citing it to appear and answer under oath all and singular the matters alleged in the Complaint.

      B.   That since Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Banco Popular, Bank Leumi, Bank of America, Bank of China, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Calyon, Citibank, Commerzbank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, State Bank of India, Societe Generale, UBS AG and/or Wachovia Bank, which are due and owing to Defendant, in the amount of $706,759.87 to secure Plaintiff's claims and that all persons

claiming any interest in the same be cited to appear and pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims answer the matters alleged in the Complaint.

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeal thereof; and

D. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:   New York, New York
         April 14, 2008

                                    CARDILLO & CORBETT
                                    Attorneys for Plaintiff
                                    PERSIAN GULF SHIPPING CO. INC.

                              By:   */s/ Tulio R. Prieto*
                                    Tulio R. Prieto (TP 8455)

                                    Office and P.O. Address
                                    29 Broadway, Suite 1710
                                    New York, New York 10006
                                    Tel: (212) 344-0464
                                    Fax: (212) 797-1212

6

## ATTORNEY'S VERIFICATION

State of New York )
                  ) ss.:
County of New York)

    1.    My name is Tulio R. Prieto.

    2.    I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

    3.    I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

    4.    I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

    5.    The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

    6.    The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

    7.    I am authorized to make this Verification on

behalf of the Plaintiff.

_____
Tulio R. Prieto

Sworn to this 14th day
of April, 2008

_____
NOTARY PUBLIC

Notary Public, State of New York
No. ET6096474
Qualified in Richmond County
Certificate filed in New York County
Commission Expires July 28, 2011